**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4720**

———————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DENNIS MORRIS,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:09-cr-00485-WMN-2)

———————————

Submitted: February 22, 2013      Decided: March 5, 2013

———————————

Before FLOYD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

William L. Welch, III, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, A. David Copperthite, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis Morris was convicted of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and was sentenced to twenty-four months' imprisonment, to be followed by a three year term of supervised release. During this period, Morris failed to submit written reports, did not notify his probation officer of his whereabouts for a five month period, tested positive for marijuana use, and posted on his Facebook page a picture of himself holding what appeared to be a firearm. The district court revoked Morris' supervised release and sentenced him to the statutory maximum of twenty-four months' imprisonment. On appeal, Morris' sole contention is that the district court abused its discretion by admitting hearsay evidence to prove that the object in the Facebook picture was a firearm and not a model, which resulted in a higher policy statement sentencing range. We affirm.

We review a district court's ruling to admit hearsay evidence during a supervised release revocation hearing for abuse of discretion. United States v. Medford, 661 F.3d 746, 751 (4th Cir. 2011), cert. denied, 132 S. Ct. 1729 (2012). "Supervised release revocation hearings are informal proceedings in which the rules of evidence, including those pertaining to hearsay, need not be strictly applied." United States v. Doswell, 670 F.3d 526, 530 (4th Cir. 2012). However, due

2

process affords a releasee a limited right "to confront and cross-examine adverse witnesses" at a revocation hearing "unless the hearing officer specifically finds good cause for not allowing confrontation." Morrissey v. Brewer, 408 U.S. 471, 489 (1972). Prior to admitting hearsay evidence in a revocation hearing, "the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." Doswell, 670 F.3d at 530. Further, the due process guarantee is embodied in the procedural rule that a releasee is "entitled to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C). However, evidentiary rulings are subject to harmless error review, such that any error is harmless where we may say "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (internal quotation marks omitted).

Regardless of whether the hearsay evidence was properly admitted, we hold that any alleged error was harmless. Morris does not contend that the district court lacked sufficient grounds to revoke his supervised release, or that he should not have served a term of imprisonment, or even that his

3

sentence was unreasonable. Rather, Morris argues that the district court improperly assessed a Grade A rather than a Grade C violation against him because it relied on hearsay evidence to show that Morris was in possession of a firearm. See U.S. Sentencing Guidelines Manual ("USSG") § 7B1.1(a) (2011). The district court, however, explicitly stated that it would impose the same sentence against Morris even if the firearm was a model, based on what it perceived to be Morris' comprehensive disregard for the supervised release process. We accordingly conclude that any evidentiary error was harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4